**Hiasinta SALIM, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 06–1627–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 15, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, John E. Gough, Jr., Assistant United States Attorney, Oxford, Mississippi, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Hiasinta Salim, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Jeffrey S. Chase's decision denying her applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We lack jurisdiction to review the IJ's factual finding that Salim's asylum application was untimely, and that she failed to establish changed

circumstances in Indonesia excusing the late filing, because she has not raised any related legal or constitutional questions. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–54 (2d Cir.2006).

An application for withholding of removal, however, is not subject to any filing deadline, and the IJ's denial of this claim is reviewed for substantial evidence. *See Xiao Ji Chen,* 434 F.3d at 155–58. Under this narrow, deferential standard, a finding will stand if it is supported by "reasonable, substantial, and probative" evidence in the record when considered as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003). We treat the agency's factual findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Legal errors, however, are reviewed *de novo,* and this Court retains "substantial authority" to vacate and remand when the agency has failed to apply the law correctly or to support its findings with record evidence. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006) (citing *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003)). The IJ's findings regarding the applicant's credibility merit "particular deference." *Zhou Yun Zhang,* 386 F.3d at 73 (citation omitted).

As a preliminary matter, it is unclear from the IJ's decision whether his adverse credibility finding went to Salim's testimony regarding events that occurred while she was in Indonesia, or only to her testimony regarding changed circumstances; *i.e.,* events that occurred after Salim was already in the United States. Presumably due to this lack of clarity, when the BIA affirmed the IJ's decision, it explicitly stated that it would have done so even accepting the truth of Salim's testimony. Accordingly, in this appeal we assume that there was no adverse credibility finding as to Salim's testimony regarding her experiences in Indonesia and accept this testimony as true. Regardless, the IJ correctly found that Salim failed to establish that it was more likely than not that she would face persecution if removed to Indonesia. Thus, the IJ's failure to define the scope of his credibility finding does not merit a remand. *See Xiao Ji Chen,* 434 F.3d at 161.

■ Past persecution creates a rebuttable presumption of eligibility for withholding. *See Ivanishvili,* 433 F.3d at 339. In this case, however, substantial evidence supports the IJ's conclusion that none of the events that Salim described constitute past persecution. As this Court has stated, the difference between persecution and harassment is one of degree that must be decided on a case by case basis. *Id.* at 341. Here, the IJ weighed Salim's testimony and found that the few incidents she described—incidents in which she was threatened, robbed, and insulted, but not seriously harmed—did not rise to the level of persecution. *See Lie v. Ashcroft,* 396 F.3d 530, 535–36 (3d Cir.2005) ("[petitioner's] account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). This finding was supported by substantial evidence.

■ Absent past persecution, Salim could have established eligibility for withholding by demonstrating that it is "more likely than not" that she would be persecuted if returned to Indonesia. *Ivanishvili,* 433 F.3d at 339. However, Salim did not carry her burden in this respect either. The IJ correctly found that none of the documents Salim submitted demonstrated

**56**

that conditions had worsened since the 1998 riots in Indonesia. Indeed, the situation may have improved.[1] Moreover, the IJ also properly noted that Salim's father and brother continue to live in Indonesia and that Salim did not testify that either had encountered difficulty due to their race or religion. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished); *see also Lie,* 396 F.3d at 537 (affirming IJ's denial of asylum and withholding for ethnic Chinese Indonesian woman and stating that fear of persecution is diminished when "family members remain in petitioner's native country without meeting harm"). Accordingly, Salim has not established that there is a pattern or practice of persecution in Indonesia against ethnic Chinese Christians, and, therefore, has not established that it is more likely than not she will suffer persecution. 8 C.F.R. § 1208.16(b)(2).

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction with respect to petitioner's asylum claim and DENIED in part with respect to her withholding of removal claim. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. While Salim's counsel submitted the 1998 State Department Country Report for Human Rights ("Country Report") for Indonesia, describing the anti-Chinese riots that occurred that year, he did not submit the Country Report for the following year. In *Firmansjah v. Gonzales,* the Seventh Circuit noted that the 1999 Country Report for Indonesia found that "Racially motivated attacks against ethnic Chinese citizens dropped sharply during [1999]." 424 F.3d 598, 606–07 (7th Cir.2005) (affirming the IJ's denial of withholding of removal for an ethnic Chinese Catholic woman from Indonesia); *see also Lie,* 396 F.3d 530, 537 (3d Cir.2005) (noting the "sharp decline in violence against Chinese Christians [in Indonesia] following the period of intense violence in 1998"). We take further notice—though we do not base our decision here on this fact—that the most recent Country Report for Indonesia states that "[i]nstances of discrimination and harassment of ethnic Chinese declined compared with previous years." 2005 State Department Country Report for Human Rights (Indonesia), available at http://www.state.gov/ g/drl/rls/hrrpt/2005/ 61609.-htm.